### EDMUND F. DUNSTAN, JR.
*vs.*
### THE ROUND HILL DAIRY, INC.

Superior Court        Fairfield County        File No. 59449

MEMORANDUM FILED MARCH 3, 1941.

*Shannon & Wilder,* of Bridgeport, for the Plaintiff.
*David Goldstein,* of Bridgeport, for the Defendant.

FOSTER, J.   Sport Hill Road in Easton runs generally

north and south. A private driveway runs west from Sport Hill Road over private property. The land upon which is the driveway is immediately west of the highway almost three feet lower in grade than the highway, so that one travelling east on the driveway to the highway must ascend a grade for a short distance. There is a fence running parallel with the highway ten feet west thereof. Prior to January 15, 1939, snow had fallen. Thereafter snow had been plowed from the pavement of the highway leaving the travelable portion of the pavement 25 feet in depth. On January 15, 1939, the travelable portion of the highway was covered with hard, packed snow and was slippery. The weather on that day was cold and clear.

Prior to 3:45 p.m. on that day, Leonard Charles Squibb, a conceded agent of the defendant, had driven along the highway to the driveway a one and one-half ton truck; had entered the driveway; at a building had loaded on to his truck seven cans of milk and some empty milk cans; and then had started driving east on the driveway with the intention of turning south on the highway. About 3:45 p.m. on that day, Edmund F. Dunstan was driving a light Packard automobile south on the highway. Beside him sat his wife, and on the rear seat sat his son, the plaintiff, then 12 years of age. Dunstan, Sr., testifies that he was driving at a speed of 25 miles per hour. Malachy Farrell testifies that he had driven his automobile at a speed of 30 to 32 miles per hour back of Dunstan for a mile and was catching up with Dunstan. Dunstan and his wife testify that as they approached the driveway, travelling west of the center line of the highway, they saw the truck coming slowly east on the driveway; that Dunstan diminished his speed as they approached the driveway; that as the truck reached the fence, its speed suddenly increased; that Dunstan veered to his left to avoid collision with the truck; that the truck and Packard automobile collided in about the center of the highway. Squibb testifies that as he drove east on the driveway he looked north upon reaching the line of the fence and saw Dunstan approaching about 150 to 250 feet away, coming at a good rate of speed on his right side of the highway; that Squibb moved slowly forward and stopped his truck at a point such that it extended two feet into the travelable part of the highway; that Squibb thought that the Packard automobile would veer left and go around him, but it didn't do so; that the collision resulted.

Considering the evidence in the light most favorable to the defendant, we have the admitted facts that Dunstan had the right of way (Gen. Stat. [1930] §1639); that Squibb had been recently over the road, knew it was slippery; that Dunstan was travelling upon his right side of the road; that Squibb from the fence ten feet away from the road saw Dunstan approaching from only 150 to 200 feet away; that Squibb drove two feet into Dunstan's path on that slippery road. Even if it be assumed that Dunstan was travelling fast, such fact would demand more care on the part of Squibb. If Dunstan changed his course quickly, he would be in danger of skidding, which fact Squibb knew. On this state of facts Squibb would be guilty of negligence that was a proximate cause of the collision. But I find that Squibb increased his speed to go up the short grade to the highway. I find that Squibb advanced into the highway to a point nearly to its center. It is proved conclusively by a fair preponderance of the evidence that Squibb was guilty of negligence alleged in the complaint that was a proximate cause of the collision and of the plaintiff's injuries.

I make no finding as to whether or not Edmund F. Dunstan, Sr., was guilty of any negligence in the premises. This is unnecessary. He is not the plaintiff. Edward F. Dunstan, Jr., is the plaintiff. It is conceded that the plaintiff was not guilty of any contributory negligence in the premises.

The plaintiff, sitting on the back seat of the automobile, was thrown forward by the collision of the automobile with the truck, so that his face, lips and teeth struck some hard part of the automobile. He suffered a contusion of the face, a laceration of the inner aspect of the lower lip, the loss of the left central incisor tooth, and the loosening of the left lateral incisor, of the right central and right lateral incisor teeth. His right central incisor tooth was cracked, and the vitality of this tooth was destroyed. "His lower lip was cut deeply, almost right through the outer skin." He was first taken to a dentist, who treated him and advised as to treatment until the following April. Bridgework was necessary and further bridgework will be necessary in the future. In the early part of February he was taken to a pediatrician, who had known him since infancy. It was found that the blow to the plaintiff's face had changed his facial expression; the lower lip protruded slightly; at the locus of the laceration of

the lip tissue the size of a small olive was hard. This hardness of tissue will remain indefinitely, though the hard mass may eventually disappear. The plaintiff was not able to eat solid food for two weeks after receiving the injury, suffered some sleeplessness and suffered some nervousness up to the following autumn.

Later the plaintiff was taken to an orthodontist for treatment. I give no consideration to this treatment, because the orthodontist who treated him testifies that, while the collision made such treatment necessary, the condition of the plaintiff's teeth, excluding from consideration the collision, made such treatment necessary. The orthodontist is unable to testify as to what part of the treatment or what part of the expense of such treatment was due to the collision.

As a consequence of his injuries, the plaintiff will suffer some discomfort and inconvenience all his life.

Judgment may be entered that the plaintiff recover from the defendant damages of $5,825.